UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE LOW-IACOVINO,<br><br>Plaintiff,<br><br>v.<br><br>THE BENEFIT PLAN COMMITTEE OF THE NONBARGAINED PROGRAM OF THE AT&T BENEFIT PLAN, et al.,<br><br>Defendants. | Case No.: CV 16-06614-AB (GJSx)<br><br>**AMENDED JUDGMENT** |

The above-entitled cause came on regularly for bench trial on December 12, 2017, before the Honorable André Birotte, Jr., United States District Judge. Plaintiff Lorraine Low-Iacovino appeared through her counsel of record, Mark H. Boykin. Defendants sued herein as The Benefit Plan Committee of the Nonbargained Program of the AT&T Pension Benefit Plan and Fidelity Services Center appeared through their counsel of record, Stacey A. Campbell, Campbell Litigation. This matter arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, this Court has original jurisdiction over the subject matter herein pursuant to 28 U.S.C.

1.

§ 1331 and 29 U.S.C. § 1132(e)(2). Venue is proper in the Central District of California as one or more parties is domiciled in said District.

The Court, having reviewed the administrative record submitted by the parties, having read and considered the trial and reply briefs submitted by both sides and having heard oral argument from counsel for all parties and, further, having issued its Findings of Facts and Conclusions of Law dated December 20, 2017, and good cause appearing, enters judgment in favor of Plaintiff and against Defendants as set forth, *infra*.

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Lorraine Low-Iacovino, as the surviving spouse of RANDY IACOVINO, deceased, is entitled to receive the Joint and Survivor Annuity pursuant to 29 U.S.C. § 1055 from the date of the death of the decedent, December 11, 2014, and continuing for the rest of her life. Defendants The Benefit Plan Committee of the Nonbargained Program of the AT&T Pension Benefit Plan and Fidelity Services shall calculate and pay to Plaintiff said annuity as provided by law, regulation and the terms of the Plan.

Post-judgment interest, in the amount specified in 28 U.S.C. § 1961, shall be paid on the portion of the award that consists of survivor annuity payments that accrued between December 11, 2014 and the date of the Amended Judgment (the "Past Annuity Amount"). The period of time for which post-judgment interest shall accumulate on the Past Annuity Amount shall be the period between the date of this Amended Judgment through the date payment is made on the Past Annuity Amount. No pre-judgment interest is awarded.

IT IS FURTHER ORDERED that Defendants may withhold from the annuity payment to Plaintiff the sum of $5,082.14 as the amount erroneously overpaid to the decedent during his lifetime under the ten-per-cent enhancement of benefits in the Management Retirement Opportunity which allowed him to retire at an earlier age than that provided in the Plan and which should have terminated when he attained age

sixty-two.  IT IS FURTHER ORDERED that defendants shall not withhold the sum of $47,064.21, or any other sum, claimed to have been overpaid to the decedent during his lifetime as a result of Defendants having paid him as a single-life annuitant rather than a joint annuitant.

IT IS FURTHER ORDERED that the allowance and the amount of an award of attorneys' fees and costs to Plaintiff is deferred and shall be the subject of a separate Order.

**IT IS SO ORDERED.**

Dated: May 23, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE